WINCHESTER, J.
FACTS AND PROCEDURAL BACKGROUND
¶ 1 This original action brought by Petitioners, University Hospitals Authority ("Authority") and University Hospitals Trust ("Trust"), seeks approval by this Court, in conformance with 63 O.S. 2011 § 3225,[1] of *1015 the validity of proposed agreements regarding the lease and operation of the University Hospitals.[2] Submitted with Petitioners' Application, the specific agreements to be approved include: (1) the First Amended and Restated Agreement and Plan of Merger dated October 11, 2017, between Oklahoma Holding Company, LLC, Hospital Development Properties, Inc., HCA Health Services of Oklahoma, Inc., the Trust, OU Medicine, Inc. ("OUMI"), and HTI Hospital Holdings, Inc.; (2) the Joint Operating Agreement ("JOA") between the Trust and OUMI; (3) the Sublease Agreement between the Trust and OUMI; and (4) all other documents executed or delivered pursuant to the proposed lease and operations of the University Hospitals.
¶ 2 In 1993, through the University Hospitals Authority Act (the "Act"), 63 O.S. 2011 §§ 3201 et seq., the Legislature transferred jurisdiction, supervision, management, and control of the University Hospitals from the Department of Human Services to the University Hospitals Authority. The Legislature amended the Act in 1997 to authorize the creation of a public trust to be called the University Hospitals Trust. See *1016 63 O.S. 2011 § 3224. Under the terms of the Act, the Legislature found that the needs of Oklahoma citizens would best be served if the Authority were "charged with the mission of operating or leasing" the hospitals. 63 O.S. 2011 § 3203(B). However, before any agreement regarding the lease and operations of the University Hospitals could become effective, such agreement would need to be approved by the Contingency Review Board, the Attorney General, and this Court. See 63 O.S. 2011 §§ 3226(A) (provides for review and approval by the Attorney General) and 3225 (provides for review and approval by the Contingency Review Board and this Court.). In 1997, this Court first considered, with approval, contractual agreements for the lease (and sublease) and operation of the University Hospitals between the Authority and the Trust and HCA Health Services of Oklahoma, Inc. ("HCA"), a for-profit, private corporation that operated the hospitals together with its own healthcare facilities. See Petition of University Hospitals Authority, 1997 OK 162, 953 P.2d 314 (" University Hospitals I ").
TODAY'S TRANSACTION
¶ 3 Today, the Authority and Trust have determined that a new arrangement is necessary and desirable to provide effective, efficient administration and to "ensure a dependable source of funding for continuing high quality and comprehensive healthcare services through hospitals and other medical facilities that meet the needs of indigent and nonindigent patients, that serve as teaching and training facilities for medical students, residents, fellows and other trainees enrolled at the University of Oklahoma and that provide a site for conducting medical and biomedical research by faculty members of the University of Oklahoma Health Sciences Center, including but not limited to constructing modern facilities." Pursuant to the Act, both the Attorney General and the Contingency Review Board provided their review and approval of the matter proposed herein. The Petitioners filed their Application to Assume Original Jurisdiction and Petition for Declaratory Judgment with this Court on October 31, 2017, and following the Petitioners' statutory fulfillment of the notice publication requirements, no protests to this process were filed with this Court.
¶ 4 The Petitioners submitted to the Court contractual agreements for the termination of the 1997 transaction approved by the Court in University Hospitals I and the implementation of a merger agreement between HCA, the Trust, and a newly formed, nonprofit corporation, OUMI (the "Transaction"). Pursuant to the Transaction, OUMI will pay HCA $750 million and will survive the merger as the new operator of the hospitals with the Trust performing its statutorily required management oversight. As it did with HCA, the University of Oklahoma Health Sciences Center will continue to contract with the new entity to provide clinical education, research, administrative, and other services, as well as facility leases.
DISCUSSION
¶ 5 This Court has exclusive, original jurisdiction to approve the validity of transactions entered into under the Act and to grant declaratory relief. 63 O.S. 2011 § 3225(B)(3) ; Petition of University Hospitals Authority, 1997 OK 162, ¶ 25, 953 P.2d 314, 321. The Petitioners have complied with the Act, have provided the requisite public notice of the pending agreements, and no protest of said agreements was made. We find this matter properly invokes our jurisdiction.
¶ 6 After review of the materials in the record before us, we find, as did the Attorney General and the Contingency Review Board, the proposed Transaction is not in discord with the Act or Oklahoma law. Just as in University Hospitals I, "it is impossible to say what circumstances not evident from the record before us today might arise at some future time that would expose a critical infirmity" in the Transaction. 1997 OK 162, ¶ 25, 953 P.2d at 321. Nevertheless, based on the record presented, the parties to the Transaction may proceed as directed by the Act.
JURISDICTION ASSUMED AND RELIEF GRANTED PER OPINION
¶ 7 Gurich, V.C.J., Kauger, Watt, Winchester, Edmondson, JJ., concur.
¶ 8 Reif, J., not participating.
¶ 9 Combs, C.J., Colbert, Wyrick, JJ., recused.

63 O.S. 2011 § 3225 provides:
A. Contingent upon the creation of the University Hospitals Trust as provided in Section 3224 of this title, the Trust, prior to acceptance, shall submit to the Contingency Review Board for review the proposed agreement regarding the lease and operations of the University Hospitals to any entity authorized to transact business in the state and an independent statement as to the fairness of said proposed agreement for the State of Oklahoma. The Contingency Review Board shall upon receipt of the proposed agreement meet within fifteen (15) business days to review the proposed agreement; and unless the Contingency Review Board disapproves the proposed agreement, the agreement may be executed but no lease of the University Hospitals shall become effective until after Supreme Court approval pursuant to subsection B of this section.
B. 1. If a proposed agreement is not disapproved by the Contingency Review Board pursuant to subsection A of this section, the University Hospitals Authority and University Hospitals Trust, within thirty (30) calendar days after the time for Contingency Review Board action has expired, may file a petition with the Supreme Court of Oklahoma for a declaratory judgement [sic ] determining the validity of the proposed agreement. The review of the Court shall be based upon the exercise of any of the powers, rights, privileges, and functions conferred upon the authority or the University Hospitals Trust, as applicable, under the University Hospitals Authority Act and Oklahoma laws. Exclusive original jurisdiction is conferred upon the Supreme Court to hear and determine such petitions. The Supreme Court shall give such petitions precedence over other business of the Court except habeas corpus proceedings.
2. Notice of the hearing of such a petition shall be given by a notice published in a newspaper of general circulation in this state that on a day specified the Supreme Court will hear the petition to approve the proposed agreement and enter a declaratory judgment. The notice shall be published one time not less than ten (10) days prior the date specified for the hearing. The notice shall inform property owners, taxpayers, citizens and all persons having or claiming any right, title, or interest in the proposed agreement or properties or funds to be affected by the implementation of the proposed agreement, or affected in any way thereby, that they may file protests against the approval of the proposed agreement, and be present at the hearing to contest the legality of the proposed agreement. The hearing may be adjourned from time to time at the discretion of the Court.
3. If the Court is satisfied that the proposed agreement is in accordance with the University Hospitals Authority Act and Oklahoma laws, the Court shall enter a declaratory judgment approving and declaring the proposed agreement to be valid and conclusive as the Authority, the Trust, and all other parties to the proposed agreement; an, upon petition of the Authority, shall issue an order permanently enjoining all persons described in the notice required by this subsection from thereafter instituting any action or proceeding contesting the validity of the proposed agreement. A declaratory judgment rendered pursuant to this subsection shall have force and effect of a final judgment or decree and shall be incontestable in any court in this state.
4. As used in the University Hospitals Authority Act, "proposed agreement" means one or more contracts regarding the lease and operations of the University Hospitals and all other agreements contemplated by or referred to in the contract regarding such lease and operations.

The "University Hospitals" as identified in 63 O.S. 2011 § 3202(1) include Oklahoma Memorial Hospital (renamed "University Hospital"), the Children's Hospital of Oklahoma, the Child Study Center, and the O'Donoghue Rehabilitation Institute. The only property involved in these transactions is what was identified as "University Hospital" in the statutes, but now is known as Children's Hospital at OU Medical Center. The former Children's Hospital of Oklahoma, referenced in § 3201(1), the Child Study Center, and the O'Donoghue Rehabilitation institute are not part of the transactions for which the Authority and the Trust seek this Court's approval.